## NICHOLS *a.* BOERUM.

*Supreme Court, First District; Special Term, April,* 1858.

### PLEADING.—COUNTER-CLAIM.

When new matter, set up in the answer, merely tends to show that the plaintiff has no cause of action, or tends to defeat his recovery in whole or in part, such new matter does not constitute a counter-claim, and need not be replied to.

A reply is only called for where the new matter constitutes a cause of action in the defendant against the plaintiff to the record, independent of the plaintiff's cause of action, and which would entitle the defendant to maintain an action against the plaintiff if the plaintiff had brought no suit against the defendant.

In an action against the maker of a note, the defendant answered, setting up a failure of consideration, in that the goods sold by the plaintiff, in payment for which the note was given, were not of the quality warrantied, and claimed damages for the breach of warranty.

*Held,* that the defence set up by the answer did not constitute a counter-claim, and required no reply.

Motion for leave to put in a reply.

The action was against the defendant as maker of a promissory note.

The answer set up as a defence, that the note was made by the defendant and given to the plaintiff in payment for goods sold by him to the defendant, with a warranty of their quality, and that the goods were not of the quality warranted; and the defendant claimed damages in the sum of five hundred dollars for the breach of the warranty.

On this state of the pleadings the plaintiff brought the action to trial. On the trial at circuit, the question having arisen whether the defence set up by the answer was not a counter-claim, and to be deemed to be admitted because not replied to, the plaintiff obtained an adjournment, to enable him to move for leave to put in a reply.

On the pleadings and an affidavit he now moved, at special term, for an order granting leave to reply, and directing the cause then to be placed on the special calendar.

*Miller*, *Peet & Nichols*, for the motion.

———, opposed.

Davies, J.—The question presented for decision in this case is one which has caused much difference of opinion, and no inconsiderable conflict of decisions.

It is the nature or character of a counter-claim under section 150 of the Code, interposed by the defendant, to which the plaintiff is bound to reply.

In the present case, the defendant alleges a failure of the consideration for which the note in suit was given, that the goods sold were not of the quality warrantied, and he claims damages by reason thereof to the sum of $500.

To this the plaintiff interposed no reply, but, in consequence of an intimation of the judge at the circuit, he now asks leave to reply.

The case of Lemon *a.* Trull (13 *How. Pr. R.*, 248), decided at the general term of the 4th district, is certainly an authority in favor of granting this application. The point ruled in that case is precisely like that presented in this. It was there held that in an action to recover for the price of personal property sold, an answer by the defendant setting up a breach of warranty in respect to the quality of that property, and claiming to recoup to that extent, is a counter-claim, and if not replied to, will be considered as admitted on the trial. In the opinion of the court, a large number of cases are cited as sustaining this view. This case was decided in July, 1856.

At the time of this decision the court could not have been aware of the opinion of the Court of Appeals in the case of Vassear *a.* Livingston, decided in December, 1855 (3 *Kern.*, 248). In that case the plaintiff, as assignee of one Ritchie, sued the defendant for engraving four plates by Ritchie for the defendant; and which he had done, and which the defendant refused to receive and pay for, he having agreed to pay $200 for the same.

The answer set up, as a separate defence, that Ritchie had

agreed to finish and deliver the engravings within six weeks from April 2, 1853; that he failed to perform the agreement; and that the defendant, by reason of such failure, had sustained damages to the sum of $200, which he claimed to recoup and set off against any claim to be established in favor of the plaintiff. No reply was put in. On the trial before Chief-justice Oakley, in the Superior Court, the defendant moved to dismiss the complaint on the ground that the answer contained a counter-claim, which, there being no reply, was admitted; and as the damages of the defendant, as stated in the answer and thus admitted, equalled the claim made by the plaintiff, there could not, it was contended, be any recovery by him against the defendant. The motion was denied, and the defendant excepted.

Denio, Justice, says: "There is nothing of a counter-claim stated in the answer; and although the new matter, if true, was very pertinent to preclude the plaintiff from recovering on the demand assigned to him by Ritchie, it had no tendency to show an *independent* cause of action in favor of the defendant against the plaintiff. * * * There the defendant had no claim against the plaintiff. If the facts were truly stated, he had grounds for defending himself against the plaintiff's suit, but none whatever for an independent recovery against him. *A counter-claim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant.*"

It would seem, therefore, to be settled by this decision of the Court of Appeals, that when the new matter set up tends to show the plaintiff had no cause of action, or tends to defeat his recovering, in whole or in part, such new matter need not be replied to. A reply is only called for where the new matter constitutes a cause of action against the plaintiff to the record, independent of the plaintiff's cause of action, and which would entitle the defendant to maintain an action against the plaintiff if the plaintiff had brought no suit against the defendant. The rule being thus definitely settled in the highest court of the State, it is quite unnecessary to refer to or discuss the conflicting decisions which have been made upon the point under consideration.

There can be no difficulty, with the aid of this adjudication by

the Court of Appeals, in determining the cases in which an answer setting up new matter calls for a reply.

I think it proper to state that the results of this opinion embody the views of my brethren of this judicial district.

A reply in this case by the plaintiff to the new matter set up in the defendant's answer, upon these principles, being unnecessary, the motion for leave to put it in is denied without costs.